UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              *Plaintiff*,<br><br>v.<br><br>AMY WINSLOW,<br>MOHAMMAD HOSSEIN MALENKIA, and<br>REBA DAOUST,<br><br>              *Defendants*. | Case No. 1:23-cr-10094-PBS |

**DEFENDANTS' JOINT UNOPPOSED MOTION TO (1) CONTINUE THE TRIAL DATE, (2) VACATE PENDING PRETRIAL DEADLINES, AND (3) FOR AN IMMEDIATE STATUS CONFERENCE**

Defendants Amy Winslow, Mohammad Hossein Maleknia, and Reba Daoust (each a "Defendant" and together, the "Defendants") respectfully move this Court to continue the trial in this matter, currently set for September 16, 2024. Dkt. No. 87. The government does not oppose the motion. As grounds for their Motion, the Defendants state as follows:

1. Defendants were officers and employees of Magellan Diagnostics ("Magellan"). Magellan's flagship products are the LeadCare Devices, LeadCare Ultra and LeadCare II, tools designed to detect lead blood levels in adults and children. *See* Dkt. No. 1, Indictment ("Ind.") ¶¶ 1-5, 12-17. Ms. Winslow was Magellan's President and CEO from 2011 to 2018. Mr. Maleknia was its COO and Vice President of Operations from 2012 to 2021. Ms. Daoust was its Manager and Director of Quality Assurance and Regulatory Affairs from 2012 to 2017. *See id.* ¶¶ 2-3, 5.

2. The government indicted the Defendants on April 4, 2023. *See id.*

3. The events alleged in the Indictment span more than five years, from 2013 into 2018. *See id.*

1

4. Count One alleges a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. *See* Ind. ¶¶ 80-83. Counts Two and Three allege wire fraud, in violation of 18 U.S.C. § 1343. *See id.* ¶¶ 84-85. Count Four alleges a conspiracy to defraud FDA, in violation of 18 U.S.C. § 371. *Id.* ¶ 88. Counts Five and Six allege the introduction of misbranded medical devices into interstate commerce, in violation of 21 U.S.C. §§ 331(a), 333(a)(2). *See id.* ¶¶ 92, 94.

5. The Court held an Initial Status Conference on August 16, 2023 and issued a Pretrial Order on September 11, 2023, which set a trial date of September 16, 2024. *See* Dkt. No. 56.

6. On March 5, 2024, the Court issued an Amended Pretrial Order, which extended the dates for expert disclosures but kept in place the trial date and other pretrial deadlines. *See* Dkt. No. 87.

7. The Amended Pretrial Order requires the government to disclose its witness list and exhibit list on May 31, 2024,[1] and the Defendants to disclose their witness lists and exhibit lists on June 14, 2024. *See id.*

8. The Defendants have been diligently preparing for trial since the date of the Indictment.

9. Consistent with its discovery and disclosure obligations, the government began producing documents to the Defendants on May 4, 2023 and has continued producing documents throughout the intervening months, including as recently as May 10, 2024.

10. Throughout that period, the parties have corresponded regarding the scope and contents of the government's productions. *See* Dkt. No. 120 at 2-3

---

[1] This deadline is the subject of the Defendants' pending joint motion to enforce the Amended Pretrial Order. *See* Dkt. No. 114.

11. All told, in discovery in this matter, the government has produced approximately 521,051 documents comprising 2,523,324 pages.

12. The Defendants are diligently undertaking review of the documents produced to date, including expending substantial time and resources to do so.

13. Under Fed. R. Crim. P. 16 and Local Rule 116, the Defendants contend that the government had an obligation to produce certain internal communications documents from regulatory employees at the United States Food and Drug Administration ("FDA") and the Center for Disease Control and filed a motion to compel the production of those documents. *See* Dkt. No. 91.

14. The government opposed the Defendants' Motion to Compel. *See* Dkt. No. 102.

15. After a hearing before Judge Dein on April 25, 2024 regarding the Defendants' motion to compel, the parties conferred and agreed on the collection and production of certain FDA documents. *See* Dkt. No. 120 at 4-5.

16. FDA is undertaking a search, collection, review, and production process in response to the Defendants' pending narrowed request. *See id.* The Defendants reserve all rights with respect to the collection, review, and production process undertaken by FDA and the Defendants' pending Motion to Compel. *See* Dkt. No. 120.

17. The parties do not know how long it will take for FDA to complete its production, nor the volume of any production FDA may make. *See id.*

18. The Defendants contend that the documents that FDA is collecting are important and necessary to the preparation of their defense.

19. Without certainty as to when FDA will produce documents and the volume of such production, the Defendants are concerned that, if the trial in this matter commences on September

16, 2024, as currently scheduled, they will not have adequate time to incorporate those documents and the information contained therein into their defense. This concern is heightened by the more than 2.5 million pages of documents already produced and that Defendants are continuing to review.

20. As a result, and consistent with their Due Process rights under the Fifth Amendment, the Defendants make this motion and seek the relief requested herein to ensure that they have adequate information and time to prepare their defense.

21. Neither the Defendants nor the government have previously sought a continuance in this case.

22. Before filing this motion, counsel for the Defendants conferred with counsel for the government, which does not oppose this motion,

WHEREFORE, the Defendants respectfully request that the Court grant the Motion to:

1. Continue the trial currently scheduled to begin on September 16, 2024 to a date in 2025 mutually convenient for the Court and the parties;
2. Vacate all pending pretrial deadlines in the operative Pretrial Order; and
3. Set an immediate status conference so that the Court and the parties may discuss a new trial date and new pretrial deadlines.

[SIGNATURE PAGE FOLLOWS]

| | |
|---|---|
| Dated:  May 30, 2024 | Respectfully submitted, |

AMY WINSLOW,

By her attorneys,

*/s/ William J. Trach*
William J. Trach (BBO# 661401)
David C. Tolley (BBO# 676222)
Nathan A. Sandals (BBO# 696032)
Patricia Amselem (BBO# 705088)
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
william.trach@lw.com
david.tolley@lw.com
nathan.sandals@lw.com
patricia.amselembensadon@lw.com

Terra Reynolds (*pro hac vice*)
Latham & Watkins LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
terra.reynolds@lw.com

MOHAMMAD HOSSEIN MALEKNIA,

By his attorneys,

*/s/ George W. Vien*
George W. Vien (BBO #547411)
Michelle R. Pascucci (BBO #690889)
Emma Notis-McConarty (BBO# 696405)
Donnelly, Conroy, and Gelhaar LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
gwv@dcglaw.com
enm@dcglaw.com
mrp@dcglaw.com

5

REBA DAOUST

By her attorneys,

*/s/ Laura B. Angelini*
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Tara A. Singh (BBO #697128)
Hinckley Allen
28 State Street
Boston, MA 02109-1775
Telephone: 617-345-9000
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
tsingh@hinckleyallen.com

## LOCAL RULE 7.1 AND 112.1 CERTIFICATION

Pursuant to Local Rules 7.1(a)(2) and 112.1, I hereby certify that I conferred with counsel for the government regarding the relief requested in this motion, and the government does not oppose the motion or the relief requested therein.

*/s/ William J. Trach*
William J. Trach

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those identified as non-registered participants on May 30, 2024.

*/s/ William J. Trach*
William J. Trach